IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AMBER M. MEADE,                    *
                                   *
       Plaintiff,                  *
                                   *
v.                                 *     CIVIL ACTION NO.
                                   *     1:16-cv-00991-AT
GENERAL MOTORS, LLC,               *
                                   *     **JURY TRIAL DEMAND**
       Defendant.                  *

### JOINT DISCOVERY STATEMENT

COME NOW, the parties in the above-styled action, by and through their counsel of record, and hereby submit this, their Joint Discovery Statement[1]. The parties submit that they have conferred in an effort to resolve these discovery disputes pursuant to this court's standing order, that they have not been able to resolve the dispute, and consequently jointly file this Discovery Statement.

Counsel for Plaintiff respectfully requests that the Court schedule a conference call to address these issues as soon as possible because he will be travelling to Detroit, Michigan for depositions March 14th through 17th, and submits these issues need

---

[1] Counsel submit that some of the issues have been listed under one heading but relate to two discovery requests, and therefore, the number of discovery issues exceeds twelve. Therefore, this Statement is within the twelve-page limit. To the extent the Court considers the issues to be the same, the parties respectfully request that permission to exceed the ten-page limit.

to be resolved prior to the depositions.  The Plaintiff understand
that the Court may not be able to address these issues in this
time frame.  Therefore, the Plaintiff requests that the Court grant
a thirty (30) day extension of the discovery period so these issues
can be resolved before the depositions.  In an abundance of
caution, the Plaintiff is in the process of filing a Motion and
Order seeking the discovery extension.

The parties have been unable to resolve the following issues:

## I.   Plaintiff's Interrogatory No. 8.

**A.   Plaintiff's Position.**   Plaintiff seeks information
regarding the December 15, 2015 denial of leave letter and
specifically the notice requirements of FMLA leave.  Defendant
responded that GM communicated with Plaintiff through 2014 and
2015 on many occasions both orally and in writing and therefore,
GM has no reason to believe Plaintiff was unaware of her FMLA
rights as of December 2015. Defendant also asserts that at the
time, Plaintiff was not entitled to additional FMLA leave.
However, if true, then the Plaintiff is entitled to notice of that
determination.  Based on Plaintiff's review of the documents, no
such document exists.  Plaintiff submits that if this document
exists, then the Defendant needs to identify it.  Furthermore, to
the extent Defendant asserts that it informed the Plaintiff of her

FMLA rights orally, Plaintiff is entitled to know the dates, individuals, and what was conveyed orally.

**B.   Defendant's Position.**  GM is unaware of any documents or information in its possession that it has not provided to date. GM communicated this to Plaintiff on February 6, 2017.  GM cannot provide what it does not have.  GM maintains that Plaintiff was not entitled to FMLA leave because she had exhausted her eligibility for new FMLA leave in the preceding 12 months. Plaintiff also was well aware of her eligibility rights because she had been notified in writing of her FMLA eligibility several times in the preceding two years.  As such, Plaintiff cannot establish any prejudice as a result of any alleged failure to inform her of her FMLA eligibility status.

**C.   Plaintiff's Response.**  Defendant has not provided the oral communications or identified the document or individuals involved in the specific December 2015, which was requested in this Interrogatory.  Defendant has provided an explanation for not doing so, which is not responsive to the Interrogatory.

**II.   Plaintiff's Interrogatory Nos. 9 & 10.**

**A.   Plaintiff's Position.**  Plaintiff requested the specific policies for FMLA and the dates the Plaintiff was notified of her rights under the FMLA.  Defendant's response directs Plaintiff to its document production.  However, Defendant has provided roughly

3,000 documents without indicating which document provided notice. Plaintiff requests that Defendant identify the documents or factually respond to the interrogatories. Plaintiff has also requested that Defendant delineate which documents come from GM and which were produced from Sedgewick, the company handling leave requests and implementation of policy for GM employees.

   **B.   Defendant's Position.**   GM used the FMLA policy as an exhibit during Plaintiff's deposition, so Plaintiff already has a copy of the policy. Regarding the dates Plaintiff was notified of her rights, GM already produced the notices of eligibility and rights and responsibilities that were sent to Plaintiff. These documents were produced on August 5, 2016, and Plaintiff's counsel has had six months to review a reasonable number of documents, but appears unwilling to do so. If Plaintiff's counsel was reasonably diligent and he reviewed the documents GM sent to him, he would easily locate the documents he was seeking, which are clearly headed in bold with the subject line "Notice of Eligibility and Rights & Responsibilities." These documents and documents related to them make up a significant amount of the responsive documents. Plaintiff has complained about GM producing 3,000 documents without indication of which documents provide the notice in question. GM produced documents as they were maintained in the ordinary course of business as the Federal Rules of Civil Procedure

allow.  Reasonable diligence is all that is necessary to locate the documents.

   **C.  Plaintiff's Response.**  Defendant has provided a document regarding FMLA policies.  However, based on deposition testimony the Defendant has not provided all FMLA policies, including policies regarding reporting of FMLA leave.  Again, since Defendant did not label or designate the documents in a reasonable format for Plaintiff to have certainty as to which documents the Defendant contends is responsive, the Plaintiff needs the Defendant to specifically identify the documents.

   **III. Plaintiff's Interrogatory No. 4 & Document Request No. 11.**

   **A.  Plaintiff's Position.**  Plaintiff seeks information and documents regarding the training the Defendant has provided the managers involved in the decisions in this case.  Specifically, Christine Clark, Ginger Schroeder, Shane Johnston, and/or all individuals identified in response to Interrogatory Nos. 1 through 3.  Defendant has identified Holly Georgell and Sharon Ridgell as additional individuals.  Training received by these individuals is not only discoverable, but relevant to Defendant's efforts to liquidated and punitive damages.  Defendant responded that Plaintiff should ask witnesses during depositions.  Plaintiff submits that this response is without merit.  A party cannot

dictate the means another party seeks to obtain discovery. Moreover, Defendant's response fails to address the documents.

**B. Defendant's Position.** Plaintiff's counsel has indicated that he intends to depose each of these individuals and he is free to ask them about their training. Plaintiff's counsel already deposed Johnston and Schroeder, and they easily testified regarding their training on these subjects.

**C. Plaintiff's Response.** The Plaintiff is entitled to this information prior to the depositions. Defendant is not allowed to dictate the means in which the Plaintiff seeks discovery. Furthermore, the witnesses were not able to identify all responsive information by deposition. Finally, any deposition testimony from witnesses is not responsive to the document request. Plaintiff is entitled to complete and full responses.

**IV. Plaintiff's Interrogatory No. 7 & Document Request No. 15.**

**A. Plaintiff's Position.** Plaintiff seeks information and documents regarding each employee who has filed a similar complaint regarding the same decision makers. Specifically, Christine Clark, Ginger Schroeder, Shane Johnston, and/or all individuals identified in response to Interrogatory Nos. 1 through 3. Defendants have identified Holly Georgell and Sharon Ridgell as additional individuals. Plaintiff submits that the manner in which these individuals have handled other similar situations is not

6

only discoverable, but relevant to Defendant's efforts to comply with federal laws with other similarly-situated employees. Defendant responded that the Defendant has not had any other ADA, FMLA, and ERISA/COBRA complaints involving these individuals. Plaintiff has requested that Defendant supplement the responses with confirmation that none of these individuals have been involved in any of the complaints described, and provide a verification.

**B. Defendant's Position.** GM informed Plaintiff on December 30, 2016 and again on February 6, 2017 that it was unaware of any responsive complaints against these individuals. There is quite simply nothing more for GM to provide.

**C. Plaintiff's Response.** The Defendant needs to supplement this response and have it verified. Given that Christine Clark, Holly Georgell and Sharon Ridgell are involved in employment matters, it is reasonable to expect that they have been involved in other employment complaints.

**V. Defendant's application of Attorney-Client Privilege — redacted documents.**

**A. Plaintiff's Position.** Plaintiff disagrees with Defendant's position regarding the attorney-client privilege. There are approximately 330 pages with redactions of correspondence going back to 2014, well before Plaintiff's termination. Moreover, it is clear that the emails relate to

business decisions related to the Plaintiff, the forensic investigation into the reasons for Plaintiff's termination, and correspondence between non-attorneys. The burden is on the Defendant to establish the existence of this privilege.

Based on the information provided, it is clear that these emails are related to the day-to-day employment decisions regarding Plaintiff and as such, are not protected by Attorney-Client Privilege. See United States ex rel. Donnelly v. Wells Fargo Bank, N.A., 165 F. Supp. 3d 1319 (N. D. Ga. 2015). Moreover, Holly Georgell, a drafter and recipient of several redacted emails, is listed as an individual who made the decision to terminate the Plaintiff, making her a fact witness. Moreover, it is unclear whether the redactions include the forensic investigation and all investigation records regarding the Plaintiff. The Defendant needs to produce these documents. Therefore, the Defendant has improperly asserted attorney-client. Plaintiff has requested that Defendant provide complete unredacted documents.

**B. Defendant's Position.** GM maintains that all of the documents are correspondence with an attorney regarding legal advice, or are attachments to that correspondence. The bulk of the documents are attachments, all of which have already been produced to Plaintiff in other forms. Nonetheless, GM will agree

to an in-camera review of the documents by the Court if required and will produce any documents the Court deems not privileged.

**C.  Plaintiff's Response.**  Defendant's position that the bulk of the documents have been produced elsewhere belies the necessity for the redactions.  Furthermore, the Plaintiff does not have the ability to verify this assertion without seeing the redactions. Plaintiff submits that an in camera inspection is necessary.

**VI.  Document Request No. 5.**

**A.  Plaintiff's Position.**  This document request seeks all personnel manuals, policies, guidelines governing employees.  The Defendant has produce a few excerpts of policies.  Plaintiff understands that Defendant maintains all policies on the intranet, but this has not been produced.  Furthermore, the Plaintiff has specifically requested all employee policies, the Conflict of Interest, WWI policy, policies regarding approval of sick and vacation and, disciplinary policies.

**B.  Defendant's Position.**  GM has many hundreds of policies concerning hundreds of thousands of employees.  Producing "all personnel manuals, policies, [and] guidelines governing employees" is overly broad, unduly burdensome, largely irrelevant, and is not proportional to the needs of the case.

**C.  Plaintiff's Response.**  Defendant did not object to this document request but responded that it was providing the documents.

Moreover, this request is not overly broad in that it is clearly seeking said policies governing the Plaintiff's employment. Defendant's assertion that the policies are irrelevant is without merit. For instance, the Conflict of Interest and WWI policy were relied on by Defendant to terminate the Plaintiff. The policies regarding approval of sick and vacation are relevant to the Plaintiff's use of leave, and, the disciplinary policies relate to the procedures used by Defendant. For instance, Mr. Johnston testified about a progressive disciplinary policy.

**VII. Deposition of Holly Georgell.**

    **A. Plaintiff's Position.** Holly Georgell is identified as a witness by Defendant in this case. Ms. Georgell is an attorney but is making business decisions, i.e., employment decisions. Defendant has indicated that Ms. Georgell's deposition will be limited based on attorney-client privilege. However, Ms. Georgell is not acting as a lawyer by reviewing employment decisions. Moreover, Ms. Georgell has been identified as a witness by Defendant. Therefore, Defendant cannot assert a privilege.

    **B. Defendant's Position.** GM is willing to produce Ms. Georgell for a deposition. Plaintiff's counsel has been told that GM will instruct Ms. Georgell not to answer questions that would violate the attorney-client privilege. GM would likewise instruct

other deponents not to answer questions that would require them to violate the attorney-client privilege.

    **C.  Plaintiff's Response.**  Plaintiff's counsel understands from defense counsel that the deposition will be limited because of the attorney-client privilege.  This reasonably leads Plaintiff's counsel to believe that Defendant intends to assert attorney-client for communications between Ms. Georgell and Defendant's managers in making employment decisions regarding the Plaintiff.  These communications are not privileged.

    Respectfully submitted this <u>3rd</u> day of March 2017.

**THE REDDY LAW FIRM, P.C.**

s/K. Prabhaker Reddy
K. PRABHAKER REDDY
Attorney for Plaintiff
Georgia Bar No. 597320
1325 Satellite Blvd, Suite 1506
Suwanee, Georgia 30024
Telephone: (678) 629-3246
Facsimile: (678) 629-3247
Email: kpr@reddylaw.net

**BARNES & THORNBURG LLP**

/s/ John F. Meyers
JOHN F. MEYERS
Attorney for Defendant
Georgia Bar No. 919123
3475 Piedmont Road N.E.
Suite 1700
Atlanta, Georgia 30305
Telephone: (404) 264-4017
Facsimile: (404) 264-4033
Email:  jmeyers@btlaw.com

David B. Ritter (pro hac vice)
Douglas M. Oldham (pro hac vice)
Attorneys for Defendant
One North Wacker Drive, Suite 440
Chicago, Illinois  60606-2833
Telephone: 312.357.1313
Facsimile: 312.759.5646
E-mail: dritter@btlaw.com
        doldham@btlaw.com