IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER M. MEADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 1:16-cv-00991-AT |
| | ) |
| GENERAL MOTORS, LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT GENERAL MOTORS LLC'S
### ANSWER TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant General Motors LLC ("Defendant" or "the Company"), by its attorneys, responds to Plaintiff's First Interrogatories as follows:

1.

For each disciplinary action (counseling, coaching, written warning and/or final warning) the Plaintiff was issued during her employment, please identify with specificity each and every reason for the discipline. In doing so, please identify the name, position, address, and phone number of each and every individual with knowledge of these reasons, the policies or work rules violated, and the role or decision played by each individual in the decision.

**ANSWER:** GM objects to Interrogatory 1 as overbroad and because parts of the interrogatory are irrelevant and are not proportional to the needs of this case.

**ANSWER:** On December 10, 2015, Plaintiff requested a paid leave of absence. Employees are not allowed to perform outside work during leave from work. GM had reason to believe Plaintiff was performing work for her outside consulting company based on her LinkedIn page and her annual conflict of interest questionnaires. Although Plaintiff indicated that she was in the process of closing her outside consulting company, her LinkedIn profile did not reflect this statement, so Plaintiff's request for leave was denied. Plaintiff was not cooperative in producing documents to address GM's concerns.

4.

Please identify each and every employee who has filed a charge, complaint (internal and external), or lawsuit alleging discrimination, retaliation, FMLA violations, ERISA/COBRA violations, and/or violations of any federal or state laws in which Christine Clark, Ginger Schroeder, Shane Johnston, and/or all individuals identified in response to Interrogatory Nos. 1 through 3 were involved. In doing so, please identify: the name of the employee, position, address and phone number(s); the date of the complaint; the substance of the allegations, including the employee accused of discrimination; and all documents related to the charge or complaint.

**ANSWER:** GM objects to Interrogatory 4 as overbroad and because the interrogatory is irrelevant and not proportional to the needs of the case.

5.

Please identify each and every employee or former employee of Defendant who provided information in answering the Complaint in this case. In doing so, please identify the name of the employee, address, and phone number(s), and designate the paragraph(s) each employee provided information in response to.

**ANSWER:** Counsel Holly Georgell and HR Business Partner Christine Clark provided information.

6.

Please identify each employee or former employee of Defendant who has provided a statement regarding the Plaintiff and/or the circumstances regarding this case. In doing so, please identify the date(s) each statement was taken and the person(s) taking the statement.

**ANSWER:** GM objects to Interrogatory 6 as vague and ambiguous. GM also objects to Interrogatory 6 to the extent it seeks information protected by the attorney-client privilege and/or the work product doctrine. Without waiving the foregoing objections, GM states that it is unaware of any responsive information.

7.

Please identify and describe each and every course, seminar, or other form of training pertaining to the federal discrimination laws, including, but not limited to, the Title VII, the FMLA, ADAAA, ERISA, and/or COBRA attended by

Christine Clark, Ginger Schroeder, Shane Johnston, and all individuals identified in response to Interrogatory Nos. 1 through 3.

**ANSWER:** GM objects to Interrogatory 6 as overbroad and because some of the information it seeks is irrelevant and not proportional to the needs of this case.

8.

Please identify with specificity each and every reason the December 15, 2015 denial of leave letter did not include information regarding the availability of FMLA leave. In doing so, please identify the name and position of each and every individual involved in the decision and the role or decision played by each individual in the decision.

**ANSWER:** Throughout 2014 and 2015, GM communicated to Plaintiff her rights under the FMLA on many occasions, both orally and in writing, and Plaintiff availed herself of those rights. As such, GM had no reason to believe Plaintiff was unaware of her FMLA rights as of December, 2015. At that time, however, Plaintiff had exhausted her FMLA leave and was not entitled to additional FMLA leave.

9.

Please identify and describe with specificity any policies or processes for determining FMLA leave eligibility (including, but not limited to, whether it is on

a calendar year or rolling basis), requesting Sickness & Accident Leave, for requesting FMLA leave, and for use of sick days, vacation, and/or bereavement.

**ANSWER:** *See* GM's response to Request for Production 5.

10.

Please identify each date that the Plaintiff was notified of her FMLA eligibility, her FMLA rights, and other FMLA required notices.

**ANSWER:** *See* GM's responses to Requests for Production 6 and 8.

11.

With respect to any document, documents, or property requested, should any such document or property which you previously had in your possession, custody, or control, be unavailable or non-existent, and/or if such document is otherwise not in Defendant's possession, please identify each such document, including the date and circumstances under which each such document ceased to exist; the reasons each such document was caused to, or happened to, cease to exist; and the time period during which each such document was maintained

**ANSWER:** GM is unaware of any responsive documents.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMBER M. MEADE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 1:16-cv-00991-AT |
| ) | |
| GENERAL MOTORS, LLC, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT GENERAL MOTORS LLC'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant General Motors LLC ("GM"), by and through counsel, answers as follows:

### GENERAL OBJECTION

GM objects to any request to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. GM will answer all requests under the assumption that Plaintiff did not intend to request documents protected by the attorney-client privilege and/or work product doctrine.

5.

Any and all personnel manuals, policies, and/or guidelines of Defendant's which govern employees of Defendant, including but not limited to discrimination; grievances; Sickness & Accident benefits; time off; use of sick days, vacation, bereavement; and FMLA policies.

**RESPONSE:**   *See* produced documents.

6.

Any and all records regarding Plaintiff, including, but not limited to, her personnel file, disciplinary records, timekeeping records, and payroll records.

**RESPONSE:**   GM objects to Request 6 as vague and ambiguous, overbroad, and because some of the documents it requests are irrelevant and are not proportional to the needs of this case. Without waiving the foregoing objections, *see* produced documents.

7.

Any and all documents, including but not limited to, eligibility determinations, notices, information packets, approvals, denials, and/or any other communications regarding the Plaintiff's request and use of leave from March 2015 to June 2015.

**RESPONSE:**   *See* produced documents.

8.

Any and all documents, including but not limited to, eligibility determinations, notices, information packets, approvals, denials, and/or any other communications to the Plaintiff regarding her FMLA rights.

**RESPONSE:**    *See* produced documents.

9.

Any and all documents, including but not limited to, eligibility determinations, notices, information packets, approvals, denials, and/or any other communications regarding the Plaintiff's July 2015 request and use of FMLA half days.

**RESPONSE:**    *See* produced documents.

10.

Any and all documents, including but not limited to, eligibility determinations, notices, information packets, approvals, denials, and/or any other communications regarding the Plaintiff's December 2015 request for leave.

**RESPONSE:**    *See* produced documents.

11.

Any and all documents regarding each and every course, seminar, or other form of training pertaining to the federal discrimination laws, including but not

limited to, the Title VII, the FMLA, ADAAA, ERISA, and/or COBRA attended by Christine Clark, Ginger Schroeder, Shane Johnston, and/or all individuals identified in response to Interrogatory Nos. 1 through 3.

**RESPONSE:**   GM objects to Request 11 as vague and ambiguous, overbroad, and because some of the documents requested are irrelevant and are not proportional to the needs of this case.

12.

Any and all documents or policies regarding the Defendant's Sickness and Accident leave and applying for Sickness & Accident leave, FMLA, or Disability Leave.

**RESPONSE:**   *See* produced documents.

13.

Any and all diaries, notes, memoranda, or other writings or recordings made by any employee of Defendant related in any manner to the Plaintiff.

**RESPONSE:**   GM objects to Request 13 as vague and ambiguous, overbroad, and because some of the documents requested are irrelevant and are not proportional to the needs of this case.  Without waiving the foregoing objections, s*ee* produced documents.

14.

Any and all documents related to, regarding, or identified in response to the Plaintiff's First Interrogatories to Defendant.

**RESPONSE:** *See* produced documents.

15.

Any and all documents regarding complaints of discrimination and/or retaliation, complaints (internal and external), or lawsuits alleging discrimination, retaliation, FMLA violations, COBRA violations, and/or violations of any federal or state laws in which Christine Clark, Ginger Schroeder, Shane Johnston, and/or the individuals identified in response to Interrogatory Nos. 1 through 3 were involved.

**RESPONSE:** GM objects to Request 15 as vague and ambiguous, overbroad, and because some of the documents requested are irrelevant and are not proportional to the needs of this case.

16.

Any and all documents identified in the Defendant's Initial Disclosures.

**RESPONSE:** *See* produced documents.

17.

Any and all documents showing that the Plaintiff committed gross misconduct, including but not limited to all recordings, notes, or communications made during the investigation or relied upon in the decision making.

**RESPONSE:** *See* produced documents.